# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CASSELS BROCK & BLACKWELL LLP, <br><br> Appellant, <br><br> vs. <br><br> VEROBLUE FARMS USA, INC., <br><br> Appellee. | No. 25-CV-3034 CJW-KEM <br><br> **ORDER** |

## I. INTRODUCTION

A Report and Recommendation ("R&R") by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommending the Court affirm the bankruptcy court's decision and enter judgment in favor of appellee, is before the Court. (Doc. 19). Appellant filed an objection to the R&R, (Doc. 20), and appellee filed a response to appellant's objection, (Doc. 21). For the following reasons, appellant's objection is **overruled**, the R&R is **adopted**, the bankruptcy court's decision is **affirmed**, and **judgment shall enter** in favor of appellee.

## II. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's R&R, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[ ] a de novo review of the disputed portions of a magistrate judge's

[R&R]"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). It is reversable error for a district court to fail to engage in a de novo review of a magistrate judge's R&R when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the Court reviews the disputed portions of Judge Mahoney's R&R de novo.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (cleaned up) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

Judge Mahoney set out the relevant background facts in her January 8, 2026 Order, (Doc. 19, at 1–5), which are the same facts she previously set forth in her September 15, 2025 Order on appellant's motion to stay, (Doc. 13, at 1–6). The background facts are unobjected to and supported by this Court's own review of the record, so the Court fully adopts them and incorporates them by reference here.

In short, however, the primary issue in this adversary proceeding involves the

application of the attorney-client privilege and whether appellant, a law firm, can be compelled to produce documents it claims are subject to the attorney-client privilege. (*See* Doc. 13, at 1). Appellant appealed the bankruptcy court's summary judgment order that found appellant did not prove the documents at issue are privileged and are therefore subject to turnover. (Doc. 1). Appellant also moved to stay enforcement of the bankruptcy court's order pending resolution of the appeal. (Doc. 6). Judge Mahoney denied the motion to stay, (Doc. 13, at 12), and the Court affirmed Judge Mahoney's decision (Doc. 18).

Judge Mahoney's R&R on the merits of appellant's appeal is before the Court here. (Doc. 19).

## IV. DISCUSSION

Appellant's objection to Judge Mahoney's R&R is generally repetitive of the arguments it made in its motion to stay and its objection to Judge Mahoney's order denying the stay. *See* (Docs. 6-1 & 14). Here, appellant objects: (1) to Judge Mahoney's finding in the R&R that appellant "conflates the waiver doctrine with its burden of proving privilege"; (2) to Judge Mahoney's finding that "the bankruptcy court did not make a finding whether [appellant] met its burden of proving that the documents were confidential or that they related to [appellant's] attorney-client relationship with VBF Cananda"; (3) to Judge Mahoney's recommendation to reject appellant's "argument that seeks to allow a law firm to raise a blanket claim of attorney-client privilege without having to produce a privilege log or otherwise establish the elements of the attorney-client privilege have been satisfied"; and (4) to the R&R expanding the attorney's obligation to properly assert the privilege into a burden of selectively waiving the privilege as to each document and if not doing so satisfactorily, then the attorney effectively waives the privilege that belongs to the client. (Doc. 20, at 1–2). Though appellant lists these specific grounds, its brief primarily argues that appellant properly

3

asserted the privilege on behalf of its client and that the bankruptcy court found as much in its October 18, 2024 ruling on attorney-client issues.

Appellant's first ground in its objection addresses general attorney-client principles, including who the attorney-client privilege belongs to and who can waive it. The second, third, and fourth grounds are interrelated and address what is required to invoke and preserve the privilege and whether appellant met its burden to preserve the privilege. The Court will first discuss appellant's argument relating to who can waive the privilege. The Court will then evaluate the remaining arguments together relating to what is required to invoke the attorney-client privilege, whether appellant met its burden, and whether the decision impermissibly expands existing obligations.

### A. *Attorney-Client Privilege, Assertion, and Waiver (Ground One)*

In the R&R Judge Mahoney stated the attorney client privilege "belongs to and exists solely for the benefit of the client." (Doc. 19, at 6) (quoting *United States v. Yielding*, 657 F.3d 688, 707 (8th Cir. 2011)). Judge Mahoney also stated that even though the privilege does not exist to benefit the attorney, "'the attorney has the duty, upon any attempt to require him to testify or produce documents' covered by the attorney-client privilege, to 'assert[] . . . the privilege . . . for the benefit of the client' and 'as a matter of professional responsibility.'" (*Id.*, at 7) (quoting *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (alterations in original)).

Judge Mahoney explained that although she "tend[s] to agree that only the client . . . may implicitly waive the privilege" an attorney may effectively "waive" the attorney-client privilege by producing a deficient privilege log or failing to prove the privilege applies. (Doc. 19, at 7–8). Citing Federal Rule of Civil Procedure 26(b)(5) and substantial caselaw, Judge Mahoney explained the requirement for an attorney "to produce a privilege log is better understood as part of the burden of proving privilege, rather than under the waiver doctrine." (Doc. 19, at 11). In short, Judge Mahoney

4

distinguished between a client's ability to waive the privilege and the attorney's burden to properly prove the elements of attorney-client privilege, though both could result in the turnover of documents. Judge Mahoney concluded that even though appellant could not waive the attorney-client privilege, it could fail to meet its burden of proving the attorney-client privilege applied. (*Id.*, at 12).

Appellant objects to Judge Mahoney's findings and argues, in short, that the attorney-client privilege belongs to the client so appellant cannot waive the attorney-client privilege. In support of this conclusion, appellant argues Judge Mahoney incorrectly found that appellant conflates the waiver doctrine with its burden of proving privilege.

In response, appellee argues both the bankruptcy court and Judge Mahoney got it right. (Doc. 21). That is, Judge Mahoney's R&R accurately distinguished between waiving the privilege and failing to prove the elements of attorney-client privilege and that the bankruptcy court's decision was based on proving privilege, not on waiver. According to appellee, Judge Mahoney also correctly stated that appellant had the burden of proving the elements of attorney-client privilege and that the record shows it did not do so here. (*Id.*, at 9–10).

The Court agrees with Judge Mahoney's analysis that distinguishes between a client waiving the attorney-client privilege and an attorney's failure to provide a satisfactory privilege log or prove the elements of attorney-client privilege. The Court also agrees with Judge Mahoney's conclusion that, despite using the term "waiver," the bankruptcy court's analysis relied on appellant's failure to prove that the privilege applied and not that appellant was impermissibly waiving the privilege.

First, as the Court explained in its order on appellant's objection to Judge Mahoney's order denying the motion to stay, "it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client." *United States v. Ivers*, 967 F.3d 709,

5

Case 3:25-cv-03034-CJW-KEM     Document 22     Filed 03/12/26     Page 5 of 12

715 (8th Cir. 2020). Even though the privilege belongs to the client, "the party seeking to assert the privilege . . . has the burden of showing that the privilege applies." *Id*. Waiver of the privilege may occur "when a party fails to assert the privilege properly." *St. Paul Reinsurance Co., v. Com. Fin. Corp.*, 197 F.R.D. 620, 640 (N.D. Iowa 2000); *see also Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 465– 69 (S.D.N.Y. 2023) (holding a law firm failed to prove attorney-client privilege for some documents and requiring law firm to produce the documents). A blanket claim or conclusory assertion of privilege does not satisfy the claimant's burden of proof. *St. Paul Reinsurance Co.*, 197 F.R.D. at 640.

The rule that counsel can waive privilege if it does not properly prove the privilege applies serves an important purpose of limiting the privilege to only what is necessary because "assertion of privileges inhibits the search for truth." *Preston Hollow Cap. LLC*, 343 F.R.D. at 465 (quoting *Perkins v. Gregg Cty.*, 891 F. Supp. 361, 363 (E.D. Tex. 1995)). If counsel was allowed to assert attorney-client privilege without proving it applied in the first place, the privilege could be expanded to include anything a party wants withheld or concealed by simply placing a privilege label on it.

Thus, the Court agrees with Judge Mahoney's finding that while an attorney cannot waive the attorney-client privilege, it can forfeit the privilege if it fails to satisfy its burden of proving the privilege attaches. Judge Mahoney, and the bankruptcy court, correctly distinguished waiver and the burden to prove privilege and correctly identified that this case should be evaluated under the attorney's burden to prove the privilege and not under the client's ability to waive the privilege. Appellant's objection is overruled as to this first ground.

## B. Bankruptcy Court's Application of Appellant's Attorney-Client Privilege Assertion (Ground Two, Three, and Four)

The Court turns next to appellant's arguments relating to an attorney's burden for proving the attorney-client privilege, whether appellant satisfied its burden, and if not, whether the court's expectations for a privilege log impermissibly expand an attorney's obligations.

In the R&R, Judge Mahoney explained that the bankruptcy court gave appellant several opportunities to correct its privilege log to cure deficiencies, but appellant declined to do so. Judge Mahoney found that instead, appellant rested on its argument "that seeks to allow a law firm to raise a blanket claim of attorney-client privilege without having to produce a privilege log or otherwise establish that the elements of the attorney-client privilege have been satisfied." (Doc. 19, at 14). Judge Mahoney also found that the bankruptcy court's ruling on attorney-client issues "did not make a finding on whether [appellant] met its burden of proving that the documents were confidential or that they related to [appellant's] attorney-client relationship with VBF Canada." (*Id.*). Judge Mahoney found "[i]nstead, the bankruptcy court simply found [appellant] had 'standing' to raise attorney-client privilege." (*Id.*).

Appellant objects to Judge Mahoney's findings that appellant cannot raise a blanket claim of attorney-client privilege without establishing that the elements of the attorney-client privilege are satisfied, and argues that Judge Mahoney's R&R impermissibly expands the attorney's obligation to assert the privilege into a burden that waives the privilege if the proof is not to the reviewing court's satisfaction. (Doc. 20, at 1–2). Appellant argues it did not submit a blanket claim for attorney-client privilege and instead submitted the required privilege log. (*Id.*, at 6). Appellant also argues the bankruptcy court already found that appellant "had properly asserted the attorney-client privilege" and the bankruptcy court's statement finding as much was not taken out of context. (*Id.*,

7

at 5). In short, appellant argues it already did what it needed to do to prove and maintain the privilege, the bankruptcy court already found the same, and any finding to the contrary impermissibly expands an attorney's burden to prove privilege.

Appellee argues appellant misconstrues and contradicts the bankruptcy court's rulings and orders. (Doc. 21, at 11). More specifically, according to appellee the bankruptcy court's statement upon which appellant relies was made before the bankruptcy court entered final judgment and, when placed in appropriate context only addresses appellant's standing to raise attorney-client privilege, not that it had properly done so. (*Id.*, at 13). Appellee also argues the Court already addressed this point in its order affirming Judge Mahoney's ruling on the motion to stay. (*Id.*, at 15). Last, appellee argues appellant waived any argument about the sufficiency of its privilege log because it did not timely raise the argument. (*Id.*, at 15).

First, the Court agrees with Judge Mahoney's conclusion that an attorney cannot raise a blanket claim of attorney-client privilege without having to produce a privilege log or otherwise establish that the elements of attorney-client privilege have been satisfied.

Federal Rule of Civil Procedure 26(b)(5) states:

When a party withholds information otherwise discoverable by claiming that the information is privileged . . ., the party must:
    (i)    expressly make the claim; and
    (ii)   describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

"[A] 'blanket claim' or 'conclusory assertion' as to the applicability of the [privilege] does not satisfy the privilege claimant's burden of proof[.]" *St. Paul Reinsurance*, 197 F.R.D. at 640. Instead, '[t]he party asserting the privilege meets its burden of providing

8

a factual basis for asserting the privileges when it produces a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its counsel.' *Id.* at 628 (cleaned up). "Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." *S.E.C. v. Thrasher,* C.A. No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996). In some circumstances, a party can submit a privilege log that is organized by category instead of document-by-document. *See Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*, No 17 CV 04384, 2018 WL 3105987, at *6 (N.D. Ill. June 25, 2018) ("But sometimes deciding a privilege dispute does not require the make-work of a document-by-document privilege log, so long as asserting *categories* of documents subject to the privilege is clear enough."). Whether the privilege log asserts the privilege document by document or categorically, there must be "enough information for the requesting party to assess and the court to determine whether the withheld documents or information are privileged or are work product." *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021). Thus, Judge Mahoney is correct that a blanket claim of attorney-client privilege does not suffice.

Second, Judge Mahoney is correct that "the bankruptcy court did not make a finding on whether [appellant] met its burden of proving that the documents were confidential or that they related to [appellant's] attorney-client relationship . . . the bankruptcy court simply found [appellant] had 'standing' to raise attorney-client privilege." (Doc. 19, at 13–14).

In the bankruptcy court's order on privilege issues, which predated the evidentiary hearing on attorney-client privilege and judgment, the bankruptcy court was considering: "(1) whether the attorney-client privilege has properly been asserted at all; and (2) whether [appellant's] actions, including failing to file a proper privilege log, have

9

waived the privilege." (Doc. 2-9, at 165–66). Under the heading of "assertion of the privilege" the bankruptcy court evaluated whether an attorney is allowed to assert privilege on behalf of the client, or whether the client must assert the privilege itself. (*Id.*, at 168-70). The bankruptcy court concluded an attorney can assert privilege on behalf of their client and thus stated "[appellant, a law firm] has properly asserted the attorney-client privilege." (*Id.*, at 170). The bankruptcy court then concluded the order by explicitly reserving a finding on the contours of the privilege and whether it applied. (*Id.*, at 172). Taken in context, the bankruptcy court's statements only mean appellant is a proper party to assert the privilege, but it did not find appellant properly asserted privilege. Appellant's attempt to cherry-pick a single line from an eight-page order does not show a contrary conclusion.

Also, Judge Mahoney did not ignore the fact that appellant produced a privilege log. She specifically noted that it had, but that the bankruptcy court found the privilege log deficient. (Doc. 19, at 12). Indeed, the bankruptcy court found the privilege log was insufficient, and its decision is well supported by the record. Appellant submitted a privilege log that included who sent the document to whom, the date it was sent, the type of document, and a document label, but none of the information in the log provides any indication of the contents of the documents. (Doc. 2-10, at 241-42). For example, one entry is described as "Email to Rick," and another is described simply at "ATT00002.htm." (*Id.*, at 242). Further, appellant only completed the privilege log after being held in contempt for not providing a log. (*Id.*, at 240). The bankruptcy court also reviewed some of the documents in camera and found many were not actually privileged. (*Id.*, at 241). The bankruptcy court was correct to seriously doubt the accuracy of the privilege log, even aside from the faulty descriptions. Appellant had multiple chances to fix it but they did not. The bankruptcy court was correct in finding

that the log was inadequate and Judge Mahoney did not ignore the privilege log's existence.

Third, nothing about the finding that the privilege log was insufficient expands the attorney's obligation to properly assert the privilege such that the attorney is effectively waiving the privilege that belongs to the client. "Privileges, as exceptions to the general rule, are not lightly created nor expansively construed, for they are in derogation of the search for truth." *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 918 (8th Cir. 1997) (internal quotation marks omitted). "Accordingly, the attorney-client privilege is narrowly construed and 'protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege.'" *Ivers*, 967 F.3d at 716 (quoting *Fisher v. United States*, 425 U.S. 391, 403 1976)). There is a heavy burden to prove the privilege because it is a sacred privilege. If the burden were lighter, there would be more risk for abuse and dilution of the privilege. The bankruptcy court's demanding standard protects the privilege. Without strong protections there is serious risk that litigants will abuse the privilege, create distrust, and hamper the search for truth. The bankruptcy court was correct to impose a demanding standard and to be skeptical when appellant failed to provide what was necessary.

Thus, both the bankruptcy court and Judge Mahoney are correct that there is a demanding standard to prove attorney-client privilege, that a blanket assertion of privilege will not suffice, and that enforcing a demanding standard does not impermissibly broaden an attorney's burden of proving privilege. Appellant's objection is overruled as to the second, third, and fourth grounds.

## V. CONCLUSION

For these reasons, appellant's objection is **overruled**, the R&R is **adopted**, (Doc. 19), the bankruptcy court's decision is **affirmed**, and **judgment shall enter** in favor of appellee.

**IT IS SO ORDERED** this 12th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa